## GREEN et ux. v. GRIDER et al.

### L. A. No. 856; July 24, 1901.

#### 65 Pac. 975.

**Vendor and Vendee.**—Plaintiffs Contracted to Sell Certain Land to two of defendants, payment to be made at a specified time, and, if not so made, the contract to be void, at plaintiffs' option. It was also agreed that certain tracts should be conveyed on payment of the agreed price therefor, and that, if the vendees sold any of the land, they might retain one-fourth of the purchase price, and securities for the remainder should be deposited in bank to secure the performance of their contract with plaintiffs. The appellants purchased certain tracts of the vendees, paying them in part therefor, and tendered the balance to plaintiffs. Held, that plaintiffs were not bound by any payments made to their vendees, since such contract did not make them agents, or authorize them to receive any money for plaintiffs.

APPEAL from Superior Court, Los Angeles County; John L. Campbell, Judge.

Action by R. Henry Green and wife against L. M. Grider and others. From a judgment for plaintiffs and from an order denying a new trial defendants Wallace F. Haas and others appeal. Affirmed.

Walter F. Haas, Chas. Cassat Davis, Cole & Cole and S. O. Houghton for appellants; J. L. Murphy for respondents.

PER CURIAM.—The plaintiffs are the vendors in a contract for the sale of land to defendants Grider and Dow. The suit is against the latter, and purchasers from them, to foreclose their interests under the contract. Judgment went against the vendees and some other defendants by default—and as to the former by stipulation also—and against the other defendants after answer and trial. The last-named defendants appeal from the judgment and from an order denying them a new trial.

The appellants, it appears, prior to the commencement of the suit, made payments, respectively, to the vendees, on account of the purchase money for which they claim credits; and in each case tendered the balance to the plaintiffs, who refused to accept less than the whole of the purchase price. The contention of the appellants is that by the terms

of the contract the vendees were authorized to sell the lands, and that the moneys paid were received by them as agents for the plaintiffs. But this contention is obviously untenable. The contract, in its terms, is an agreement of the vendors to sell and of the vendees to buy the land described in it for the sum of $35,000—$5 in cash, and the balance "to be paid within one year, or as . . . . provided" in the following provisions of the contract. These refer to modes of payment, and to the extension of the time in a certain contingency, and, on the happening of certain conditions, for forfeiture of the contract "at the option of" the vendors; but they leave the vendees—in the absence of plaintiffs' election to declare a forfeiture—still bound to pay the purchase money, or the balance of the purchase money agreed upon, with the interest, as specified, after the expiration of the year. By other provisions the plaintiffs' were bound to convey subdivisions of the land on the payment to them of amounts specified as the price of each, but only on such payments. The contract—which was duly recorded—is too clear to be misunderstood on these points, or to require discussion. Nor would it be profitable to review in extenso the arguments of appellants' counsel. Could it be assumed, as claimed by them, that Grider and Dow were agents for the plaintiffs to sell their lands, it would not follow that they were authorized to receive the purchase money stipulated to be paid to the plaintiffs. That would depend on the terms of the writing conferring the authority, which expressly negative any such notion. The provision that the vendees might retain one-fourth of the purchase money, etc., on sale of subdivisions had no reference to the amounts to be paid to the plaintiffs as conditions of conveyance. The price of the land in each case was wholly an affair of the vendees, and they could have retained it all, but for the provision requiring the securities for the balance to be placed in escrow in the bank, as collateral to secure their debt to the vendors. There was, in fact, no privity between the plaintiffs and appellants, except in the agreement that the former would convey to the latter severally the subdivisions of land purchased by them upon the payment to the plaintiffs of the stipulated prices. The judgment and order appealed from are affirmed.